ATTORNEY GENERAL v OAKLAND COUNTY

Docket No. 59705. Submitted June 22, 1982, at Detroit.—Decided February 14, 1983.

The Attorney General brought an action for declaratory judgment in Oakland Circuit Court, challenging certain raises given to Oakland County officers from December, 1976, until December, 1977. Named as defendants were the County of Oakland, Daniel Murphy, L. Brooks Patterson, Johannes Spreen, Lynn Allen and George Kuhn. Defendants moved for summary judgment. Robert B. Webster, J., granted defendants' motion for summary judgment, holding that the controlling statute permits a county board of commissioners to increase the salaries of elected officers without limitation as to the effective date of such increases in salary. Plaintiff appeals. *Held:*

The controlling statute empowers a county board of commissioners to increase the salary of a county officer during the term of office without limitation as to the effective date of such increase. The statute neither requires only one raise per year nor sets a date on which the raise becomes effective.

Affirmed.

PUBLIC OFFICERS — COUNTIES — ELECTED OFFICERS — SALARIES.

A county board of commissioners is statutorily empowered to increase the salary of an elected county officer during the officer's term of office without limitation as to the effective date of such increase in salary (MCL 45.421[1]; MSA 5.1101[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Alan H. Broad,* Assistant Attorney General, for plaintiff.

Oakland County Civil Counsel (by *Linda E. Wasielewski),* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 262.

Before: CYNAR, P.J., and N. J. KAUFMAN and
P. R. MAHINSKE,* JJ.

PER CURIAM. Plaintiff initiated this action for
declaratory relief, challenging certain raises given
to Oakland County officers from December 1976
until December 1977, as violative of MCL 45.421;
MSA 5.1101. From the circuit court's order grant-
ing defendants' motion for summary judgment on
August 19, 1981, plaintiff appeals as of right.

This case involves interpretation of MCL
45.421(1); MSA 5.1101(1), which provides as fol-
lows:

"The annual salary of each salaried county officer,
which is by law fixed by the county board of commis-
sioners, shall be fixed by the board before November 1
each year and shall not be diminished during the term
for which the county officer has been elected or ap-
pointed, but may be increased by the board during the
officer's term of office."

Construing this statute, the circuit court con-
cluded that MCL 45.421(1); MSA 5.1101(1) permits
the county board of commissioners to increase the
salaries of elected officers without limitation as to
the effective date of such increases. Further, the
circuit court opined that the November 1 date was
continued by historical accident.

Plaintiff's position is that the county board of
commissioners may increase the salaries of other
elected county officers during their term of office,
but that the vote to raise the salaries must be
made on or before October 31 if the increase is to
take effect on the following January 1. See OAG
1977-1978, No 5184, p 81 (March 28, 1977).

* Circuit judge, sitting on the Court of Appeals by assignment.

We agree with the circuit court that MCL 45.421(1); MSA 5.1101(1) empowers the county board of commissioners to increase salaries of county officers during their term of office without limitation as to the effective date of such increases. The statute neither requires only one raise per year nor sets a date on which the raises become effective.

Affirmed.